

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable T. M. Trimble, First Assistant
State Superintendent of Public Instruction
Austin, Texas

Modified by _V-151_

Dear Sir:

Opinion No. O-5758
Re: Constitutionality of Article 2815,
Revised Civil Statutes, as amended
by the Forty-eighth Legislature,
relative to the dissolution and
withdrawal of a former common
school district from an independ-
ent school district, where an
independent school district is
situated in two different counties.
(Harper Independent School District)

COPY

We are in receipt of your letter enclosing an opinion
request from Mr. Lee Goff, Vice-President of Harper Independent
School District Board of Trustees. Mr. Goff's letter is as fol-
lows:

"Will you please be kind enough to render us
an opinion on the constitutionality of Article 2815
of the Revised Civil Statutes, as amended by the
Forty-eighth Legislature in 1943 relative to the
dissolution and withdrawal of a former common school
district from an independent school district, where
the independent school district is situated in two
different counties. This Article does not state
what County Judge shall call the election - whether
it be the County Judge where the common school dis-
trict was formerly situated, or whether the County
Judge from the administrative county shall call the
election, or whether both such Judges shall call
the election.

"We have reference to the Harper Independent
School District. About four years ago the Reser-
vation CSD, situated entirely within Kerr County,
Texas, held an election to determine whether or
not it should be consolidated with the Harper

Honorable T. M. Trimble - page 2

Independent School District, the administrative
offices of which are located entirely within
Gillespie County, Texas. Under the statute fol-
lowing this instance, the Harper Independent School
District as it then stood was also called upon to
vote on the question of whether or not the Reserva-
tion CSD should be brought into the independent
school district. A majority of the voters in both
the common school district and the independent
school district voted to consolidate the reserva-
tion CSD with the Harper Independent School Dis-
trict, and it has been operating as such up to
the present time. There are certain number of
people in the common school district who are dis-
satisfied with being in the independent school
district, and they have petitioned the County
Judge of Kerr County, Texas, to call an election
to determine whether or not they shall withdraw
from the independent school district. The County
Judge of Kerr County, Texas, has called the elec-
tion and set it for the 4th day of November, A. D.,
1944. The notices were posted only in what was
formerly known as the Reservation Common School
District. The thing we are particularly interest-
ed in is who will be the qualified voters in this
election? Was the consolidation as hereinabove
referred to a contractual obligation on the part
of the Reservation Common School District and the
Harper Independent School District at the time of
the consolidation?

"The Article above referred to is not clear
as to the question of qualified voters, nor is it
clear as to the question of who will call the elec-
tion.

"We would also like to have an opinion on
whether or not, if the proponents of the proposed
election to dissolve and withdraw from the Harper
Independent School District are successful in
their election, what indebtedness, if any, would
the Reservation Common School District take along
with it in a withdrawal. For your information,

Honorable T. M. Trimble - page 3

there is a 50¢ maintenance tax rate on the $100 valuation in the Harper Independent School District, 20¢ is set up for retirement of the bonds, and in addition thereto there is a 30¢ levy for the purpose of paying the transportation cost of the district. What portion of these liabilities or debts would the Reservation Common School District take with it in the event it is successful in withdrawing from the Harper Independent School District?

"Inasmuch as this election has been called for November 4th, you will see that it is imperative that we get an opinion as early as possible in order to determine just where the district stands. We, of course, feel that it is unfair for the Reservation Common School District to withdraw under the terms of the Article above quoted, since the independent school district has incurred considerable expense in providing for the necessary setup to take care of the added pupils. Article 2815 is not clear as to the procedure to be used, but we do not want to permit anything to be done that would be injurious to the district as a whole. Should it be necessary for you to consult the Attorney General's Department with reference to this matter, we urge that they give us immediate action so that we may decide the course to follow."

Article 2815 as amended by the 48th Legislature reads as follows:

"(a) Such consolidated districts may, in the same manner provide for their consolidation, be dissolved and the districts included therein restored to their original status, except that it shall not be necessary to provide polling places in each district. Each such district when so restored shall assume and be liable for its prorata part of the outstanding financial obligations of the consolidated district, such prorata part

to be based on the relation the total assessed
valuation of all property in the district bears
to the total assessed valuation of property in
the consolidated district, as shown by the as-
sessment rolls of the district for the current
year. No election for the dissolution of said
consolidated districts shall be held until three
(3) years have elapsed after the date of the elec-
tion at which such districts were consolidated.

"(b) On the petition of twenty (20), or a
majority, of the legally qualified voters of any
common school district, or independent school dis-
trict, praying for the withdrawal from a consoli-
dated district, if three (3) years have elapsed
after the date of the election at which such dis-
tricts were consolidated, the County Judge shall
issue an order for an election to be held in the
district desiring withdrawal. The County Judge
shall give notice of the date of such election
by publication of the order in some newspaper
published in the county for twenty (20) days
prior to the date on which such elections are
ordered, or by posting a notice of such election
in the district desiring the election. The Com-
missioners Court shall at its next meeting, can-
vass the returns of such election, and if the
votes cast in said district show a majority in
favor of withdrawing from the consolidation, the
Court shall declare the district severed and it
shall be restored to its original status. Each
such district when so restored shall assume and
be liable for its prorata part of the outstand-
ing financial obligations of the consolidated
district, such prorata part to be based on the re-
lation the total assessed valuation of all pro-
perty in the district bears to the total assessed
valuation of property in the consolidated dis-
trict, as shown by the assessment rolls of the
district for the current year."

We do not pass upon the constitutionality of this
Article, since we hold that paragraph (b) of said Article
is inapplicable to consolidated county line districts,
since it does not make any provision for the qualified
voters in the districts in each county to participate

Honorable T. W. Trimble - page 5

in the election, nor does it contain any provision as to which County Judge shall order the election.

The case of County School Trustees of Runnels County et al., vs. State et al., 95 S. W. (2nd) 1001, involved the question of the authority of the County School Board of Runnels County to detach from a consolidated county line independent school district, lying in Runnels and Coleman Counties, certain territory lying in Runnels County and attach the same to a cotton school district situated wholly within Runnels County. The court held this could not be done without the consent of the Coleman County School Board. We quote the following excerpts from the opinion of the court:

"It is fundamental that the County trustees of one county cannot alone create a district composed of territory lying in two counties; and as a practical matter it would follow that where a county line consolidated independent school district has been created by the joint action of both counties, it necessarily follows that that district cannot be abolished or changed except by the consent of the county school trustees of each county having territory contained therein... .

". . . and we are clear in the view that Article 2742f does not permit the county trustees of one county to detach any portion of the territory of a county line school district and attach the same to another district, without the consent and concurrent action of the trustees of each county having territory in the county line district. To permit such would cause interminable confusion and would permit one party to the consolidation agreement to destroy that agreement, or seriously affect it without the concurrence or consent of the other party to the agreement.

" . . . Manifestly the county school trustees of one county cannot change the boundaries of such county line district without the consent of the school trustees of the other county involved."

Honorable T. M. Trimble - page 6

From the opinion of the court in the same case we quote the following:

"The consolidation of the two districts in question was had under Article 2806 (Rev. St. 1925) as amended on several occasions (Vernon's Anno. Civ. St. Art. 2806) by a vote of the people of the two districts affected. Since the districts were partly in two counties, it required the action of the officials of both counties to effect the consolidation; and the consolidated district was legally created. Article 2815 provides that 'such consolidated districts may in the same manner provided for their consolidation be dissolved and the districts included therein restored to their original status.' This provision relates more particularly to <u>consolidated districts wholly within one county.</u> So, these statutes must be construed in connection with statutes relating to county line school districts; and it necessarily follows that in county line school districts, either in their creation or abolition, or in the changing of their district boundaries, the school authorities of both counties or all counties affected should act together in such matters." (Italics ours).

We think it is clear from the foregoing that it requires the action of the officials of both counties, or of all counties, concerned, and that an election ordered by the County Judge of Karr County alone would be ineffective to dissolve the county line consolidated district. An election would have to be ordered and held in both counties, but, as stated in the opinion cited herein above, Article 2815 is applicable only to consolidated districts lying wholly within one county.

In view of the fact that the election ordered by the County Judge of Karr County would not affect the status of Earper Independent School District, we deem it unnecessary to discuss the other questions contained in Mr. Goff's letter.

Yours truly

ATTORNEY GENERAL OF TEX

APPROVED OPINION COMMITTEE BY BWB CHAIRMAN